IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

NEWPORT NEWS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:16CR53 |
| | ) | |
| LARRY DEAN DROMMERHAUSEN | ) | |
| | ) | |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Lisa R. McKeel, Assistant United States Attorney, the defendant, LARRY DEAN DROMMERHAUSEN, and the defendant's counsel, have entered into an agreement pursuant to Rule 11 (c) (1) (B) of the Federal Rules of Criminal Procedure. The terms of the agreement are as follows:

1. **Offense and Maximum Penalties**

The defendant, LARRY DEAN DROMMERHAUSEN, agrees to plead guilty to Counts 1-4 of the Criminal Indictment. <u>Counts 1-4</u> charges the defendant with, Production of Child Pornography, in violation of Title 18, United States Code, Section 2251. The penalty for this offense is a mandatory minimum term of imprisonment of 15 years, a maximum possible term of imprisonment of 30 years, a maximum possible fine of $250,000.00, full restitution, a special assessment and a term of years not less than five (5), or life of supervised release. The defendant is aware that this supervised release term is in addition to any prison term the defendant may receive

1

and that a violation of a term of supervised release could result in the defendant being returned to prison for the full term of supervised release.

2. **Detention Pending Sentencing**

The defendant understands that this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145 (c). These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

3. **Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense. The defendant admits the facts set forth in the Statement of Facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt. The Statement of Facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

4. **Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. the right to plead not guilty and to persist in that plea;

    b. the right to a jury trial;

c.  the right to be represented by counsel - and if necessary have the court appoint counsel - at trial and at every other stage of the proceedings; and

d.  the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses.

5. **Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any sentence within the statutory maximum described above but that the Court will determine the defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a). The defendant understands that the Court has not yet determined a sentence and that any estimate of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines Manual the defendant may have received from the defendant's counsel, the United States or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office or the Court. Additionally, pursuant to the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005), the Court, after considering the factors set forth in Title 18 United States Code, Section 3553(a), may impose a sentence above or below the advisory sentencing range, subject only to review by higher courts for reasonableness. The United States makes no promise or representation concerning what sentence the defendant will receive and the defendant cannot withdraw a guilty plea based upon the actual sentence. However, the United States agrees, pursuant to Rule 11 (c)(1)(B) of the Federal Rules of Criminal Procedure, to recommend a sentence of no more than 30 years in prison.

6.  **Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Nonetheless, the defendant knowingly waives the right to appeal the conviction and any sentence within the statutory maximum described above (or the manner in which that sentence was determined) on the grounds set forth in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the concessions made by the United States in this plea agreement. This agreement does not affect the rights or obligations of the United States as set forth in Title 18, United States Code, Section 3742(b). The defendant also hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Indictment Act, Title 5, United States Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

7.  **Waiver of DNA Testing**

The defendant also understands that Title 18, United States Code, Section 3600 affords a defendant the right to request DNA testing of evidence after conviction. Nonetheless, the defendant knowingly waives that right. The defendant further understands that this waiver applies to DNA testing of any items of evidence in this case that could be subjected to DNA testing, and that the waiver forecloses any opportunity to have evidence submitted for DNA testing in this case or in any post-conviction proceeding for any purpose, including to support a claim of innocence to the charges admitted in this plea agreement.

## 8. Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special assessment of one hundred dollars ($100.00) per count of conviction.

The defendant understands and agrees that, pursuant to 18 U.S.C. § 3014, if the Court should find that the defendant is non-indigent, the Court shall assess a special assessment of $5,000 per count of conviction on the defendant. However, the special assessment shall not be payable until the defendant has satisfied all outstanding court-ordered fines, orders of restitution, and any other obligation related to victim-compensation arising from the criminal convictions on which the special assessment is based.

## 9. Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code, Section 3613, whatever monetary penalties are imposed by the Court will be due and payable immediately and subject to immediate enforcement by the United States as provided for in Section 3613. Furthermore, within 14 days of a request, the defendant agrees to provide all of the defendant's financial Indictment to the United States and the Probation Office and, if requested, to participate in a pre-sentencing debtor's examination and/or complete a financial statement under penalty of perjury. If the Court imposes a schedule of payments, the defendant understands that the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment. If the defendant is incarcerated, the defendant agrees to participate in the Bureau of Prisons' Inmate

5

Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

## 10. Immunity from Further Prosecution in this District

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the Indictment or Statement of Facts.

## 11. The Defendant's Obligations Regarding Assets Subject to Forfeiture

The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, or in which the defendant has or had any financial interest, within the past year. The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

## 12. Forfeiture Agreement

The defendant understands that the forfeiture of assets is part of the sentence that must be imposed in this case. The defendant agrees to forfeit all interests in any assets that the defendant owns or over which the defendant exercises control, directly or indirectly, that are child pornography related including any visual depictions constituting child pornography as defined in Title 18, United States Code, Sections 2253 or 2256, any property, real or personal, constituting or traceable to, derived from, fungible with, or a substitute for, gross profits or other proceeds obtained from the offense(s) of conviction, as well as any property, real or personal,

used or intended to be used to commit or to promote the commission of the offense(s) of conviction, or any property traceable to such property, including, but not limited to, the following specific property:

    a.    Dell desktop computer, serial number 9732266569 containing one Western digital hard drive, serial number WD-WCL2EKH31657;

    b.    Western Digital hard drive with model number WD5000BEVT and serial number WX71C90F4556;

    c.    Hitachi DK223A-81, serial number P223564480;

    d.    Sandisk Ultra thumb drive with serial number SDCZ45-032G.

    e.    Sandisk SD memory card;

    f.    Kingston micro SD memory card (item 1B-1);

    g.    Kingston micro SD memory card (item 1-B-2);

    h.    Lexar micro SD memory card; and

    i.    Lexar USB thumb drive.

The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for

the forfeiture of the property sought by the government.

13. **Waiver of Further Review of Forfeiture**

The defendant further agrees to waive all constitutional and statutory challenges in any manner to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J). The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States and to testify truthfully in any judicial forfeiture proceeding. The defendant agrees that all property covered by this agreement is subject to forfeiture as property used or intended to be used to commit or promote the commission of the offense of conviction.

14. **Breach of the Plea Agreement and Remedies**

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or Indictment, or otherwise violates any provision of this agreement, then:

    a. The United States will be released from its obligations under this agreement, however, the defendant may not withdraw the guilty plea entered pursuant to this agreement;

b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed; and

c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any Indictment provided or statements made by the defendant and all such Indictment, statements and leads derived therefrom may be used against the defendant. The defendant waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which time the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence.

15. **Sex Offender Registration**

The defendant has been advised, and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: where the defendant resides; is an

employee; or is a student. The defendant understands that the requirements for registration include providing true name, residence address, and names and addresses of any places where the defendant is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which the defendant resides, is an employee, or is a student not later than three business days after any change of the defendant's name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, Title 18, United States Code, Section 2250, which is punishable by a fine or imprisonment, or both.

## 16    Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____
Lisa R. McKeel
Assistant United States Attorney

APPROVED:

_____  8/25/16
Howard J. Zlotnick           Date
Managing Assistant United States Attorney


Defendant's Signature: I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal Indictment. Further, I fully understand all rights with respect to 18 U.S.C. ' 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case. I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it.

Date: 9-15-16

_____
LARRY DEAN DROMMERHAUSEN
Defendant


Defense Counsel Signature: I am counsel for the defendant in this case. I have fully explained to the defendant the defendants' rights with respect to the pending Indictment. Further, I have reviewed 18 U.S.C. ' 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case. I have carefully reviewed every part of this plea agreement with the defendant. To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: 9-15-16

_____
Rodolfo Cejas, II, Esq.
Assistant Federal Public Defender
Counsel for the defendant

11

U. S. DEPARTMENT OF JUSTICE

Statement of Special Assessment Account

This statement reflects your special assessment only. There may be other penalties imposed at sentencing.

| ACCOUNT INDICTMENT ||
|---|---|
| CRIM. ACTION NO.: | 4:16CR53 |
| DEFENDANTS NAME: | LARRY DEAN DROMMERHAUSEN |
| PAY THIS AMOUNT: | $400.00 |

INSTRUCTIONS:
1.     MAKE CHECK OR MONEY ORDER PAYABLE TO:
   *CLERK, U.S. DISTRICT COURT*

2.     **PAYMENT MUST REACH THE CLERK'S OFFICE BEFORE YOUR SENTENCING DATE**

3.     **PAYMENT SHOULD BE SENT TO:**

|  | In person (9 AM to 4 PM) |
|---|---|
| **Alexandria cases:** | **Clerk, U.S. District Court**<br>**401 Courthouse Square**<br>**Alexandria, VA 22314** |
| **Richmond cases:** | **Clerk, U.S. District Court**<br>**1000 E. Main Street, #307**<br>**Richmond, VA 23219** |
| **Newport News cases:** | **Clerk, U.S. District Court**<br>**2400 West Avenue, Suite 100**<br>**Newport News, VA 23607** |
| **Norfolk cases:** | **Clerk, U.S. District Court**<br>**600 Granby Street**<br>**Norfolk, VA 23510** |

4.     **INCLUDE DEFENDANT'S NAME ON CHECK OR MONEY ORDER**

5.     **ENCLOSE THIS COUPON TO INSURE PROPER and PROMPT APPLICATION OF PAYMENT**

