IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Newport News Division

FILED
IN OPEN COURT
SEP 15 2016
CLERK U.S. DISTRICT COURT
Newport News

UNITED STATES OF AMERICA )
)
v. ) CRIMINAL NO. 4:16CR53
)
LARRY DEAN DROMMERHAUSEN )
)

**STATEMENT OF FACTS**

If the United States were to try this case, the evidence that would be proved beyond a reasonable doubt would be:

From on or about November 1, 2015 to December 27, 2015, a Task Force Officer (TFO) with the Federal Bureau of Investigation (FBI) on different dates, used an internet connected computer and launched programs to search for image and video files involving the sexual exploitation of children. Between November 1, 2015 to December 27, 2015, the FBI TFO downloaded numerous files that contained images of child pornography from a certain IP address located in Newport News, Virginia.

A subsequent investigation found that all of the above-noted downloads came from a home located at an address on Darlene Lane in the City of Newport News, Virginia. A federal search warrant was obtained for the home of the defendant, LARRY DEAN DROMMERHAUSEN, on March 31, 2016.

On April 4, 2016, agents with the FBI, along with agents from the Department of Homeland Security, Homeland Security Investigations (DHS-HSI) conducted a search of the residence of DROMMERHAUSEN pursuant to a lawfully obtained search warrant, and seized a

number of computers along with other media storage items. While searching the shed that serves as office space for DROMMERHAUSEN, agents located what appeared to be a "Barbasol" shaving cream can. Further inspection of the can revealed that the bottom of the can was magnetized allowing the base to detach. The can was hollowed out with a pin hole in the "O" letter of the word "Original." A camera could be hidden in this container, however, one was not in the can at the time of the search.

On April 4, 2016, DROMMERHAUSEN was present during the search warrant execution and agreed to speak with Special Agent Paul Wolpert and FBI TFO Heather Call. DROMMERHAUSEN was advised of his *Miranda* rights and told several times he was not under arrest. The following is a summary of his interview: DROMMERHAUSEN stated he owns a business that installs regular and hidden cameras. SA Wolpert asked DROMMERHAUSEN if he has ever seen child pornography and he stated he had seen child pornography on hidden camera forums online. DROMMERHAUSEN stated he uses the peer to peer file trading program on the computer called Shareazza. DROMMERHAUSEN stated he and his wife adopted their one grandson who lives with them in the residence. In addition, he has one granddaughter and three step-grandchildren. He has also been a foster parent for numerous children over the years that had been physically or sexually abused. DROMMERHAUSEN stated he has been looking at child pornography for a couple of years. He initially looked at adult pornography then became interested in the hidden cameras. DROMMERHAUSEN stated, "It snowballed from there." He looked at child pornography for the adrenaline rush and it appealed to him because it was forbidden. DROMMERHAUSEN advised he was hired by the owner at a local business to install a hidden camera to catch employees taking money from the cash register. DROMMERHAUSEN denied placing any hidden cameras in his residence. DROMMERHAUSEN stated he uses the

computer in the shed to view child pornography. He advised his wife and children do not go into the shed. His grandchildren will occasionally use the computer in the shed, but he is always there monitoring their activity.

On April 29, 2016, another federal search warrant was authorized for the DROMMERHAUSEN residence, along with a truck and a trailer also located at/in front of the residence. Federal agents executed the warrant on May 2, 2016. Numerous electronic devices were seized.

On or about May 18, 2016, Department of Justice Forensic Examiner, R. E. Jones completed a forensic analysis on the electronic media seized from the defendant's residence, vehicle and trailer. Located on a computer found in the home of DROMMERHAUSEN was the file/resource sharing program that the defendant admitted to the agents that he had on his computer. Jones also found numerous images/videos, which appeared to be home-made on devices associated with DROMMERHAUSEN. These videos depict naked young females in a bathroom and /or taking a shower. Specifically, there was over 100,000 images of child pornography located on devices associated with the defendant. as defined in Title 18, United States Code, § 2256 (2)(A)(B) and (8) and the United States Sentencing Commission Guidelines. The electronic devices, computers and hard drives of the defendant's computers which contained child pornography were manufactured outside the Commonwealth of Virginia. The defendant's computer had access to the Internet which is an interconnected network of computers with which one communicates when on-line, and that network crosses state and national borders.

Through the investigation, FBI TFO Call was able to identify the young female children who were videotaped in the home made videos. Further, it was determined that DROMMERHAUSEN installed a hidden camera in a bathroom that captured the images of the

naked young females showering that were found on the devices seized pursuant to the search warrants.

On or about November 14, 2015, the defendant DROMMERHAUSEN, did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 1, who had not attained the age of 18 years to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), specifically, actual and simulated lascivious exhibition of the genital or pubic area of a prepubescent minor female child, for the purpose of producing a visual depiction of such conduct, knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce and was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer (Count 1). Jane Doe 1 was approximately nine years old at the time the video was produced.

On or about October 22, 2015, in the Eastern District of Virginia, the defendant, DROMMERHAUSEN, did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 2, who had not attained the age of 18 years to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), specifically, lascivious exhibition of the genitals or pubic area, for the purpose of producing a visual depiction of such conduct knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce and using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer (Count 2). Jane Doe 2 was approximately 11 years old at the time the image was produced.

On or about October 25, 2015, in the Eastern District of Virginia, the defendant, DROMMERHAUSEN, did knowingly and attempted to employ, use, persuade, induce, entice,





and coerce a minor, Jane Doe 3, who had not attained the age of 18 years to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), specifically, lascivious exhibition of the genitals or pubic area, for the purpose of producing a visual depiction of such conduct knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce and using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer (Count 3). Jane Doe 3 was approximately nine years old at the time the video was produced.

On or about November 26, 2015, in the Eastern District of Virginia, the defendant, DROMMERHAUSEN, did knowingly and attempted to employ, use, persuade, induce, entice, and coerce a minor, Jane Doe 4, who had not attained the age of 18 years to engage in sexually explicit conduct, as defined in 18 U.S.C. § 2256(2)(A), specifically, lascivious exhibition of the genitals or pubic area, for the purpose of producing a visual depiction of such conduct knowing and having reason to know that such visual depiction would be transmitted using any means and facility of interstate and foreign commerce and using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce by any means, including by computer (Count 4). Jane Doe 4 was approximately eight years old at the time the video was produced.

The defendant admits that he used minors; Jane Doe 1, Jane Doe 2, Jane Doe 3 and Jane Doe 4, all under the age of 18 at the time of the offenses, to take part in sexually explicit conduct for the purpose of producing a visual depiction of such conduct. The defendant admits that such productions by Jane Doe 1, Jane Doe 2, Jane Doe 3 and Jane Doe 4 were transmitted through a facility and means of interstate commerce. The visual depictions of Jane Doe 1, Jane Doe 2, Jane Doe 3 and Jane Doe 4 depict that they were engaged in "sexually explicit conduct", as defined by Title 18 U.S.C. § 2256(2)(A)(i) and (8). Further, the defendant admits that these

images were produced using materials that had been mailed, shipped, and transported in interstate commerce or foreign commerce.

These events occurred in the Eastern District of Virginia and elsewhere.

Respectfully submitted,

Dana J. Boente
United States Attorney

By: ______________________________

Lisa R. McKeel
Assistant United States Attorney
VA Bar No. 28652
Fountain Plaza Three, Suite 300
721 Lakefront Commons
Newport News, Virginia 23606
(757) 591-4000

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant, and the United States, I hereby stipulate that the above Statement of Facts is a partial summary of the evidence which is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

LARRY DEAN DROMMERHAUSEN

9-15-16
Date

I am LARRY DEAN DROMMERHAUSEN's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Rodolfo Cejas, II., Esq.
Counsel for defendant
LARRY DEAN DROMMERHAUSEN

9-15-16
Date



LD RC